## NATIONAL AIRLINES, Inc. v. TAX ASSESSOR, et al.
### No. 67-18394.
Circuit Court, Dade County.

April 19, 1968.

Scott, McCarthy, Steel, Hector & Davis and Phillip Goldman, all of Miami, for the plaintiff.

Thomas C. Britton, County Attorney, Stuart Simon, Assistant County Attorney, for the defendant Dade County tax officials.

T. T. Turnbull, Assistant Attorney General, for the State Comptroller.

HAROLD B. SPAET, Circuit Judge.

This cause came on to be heard on the plaintiff's motion for summary judgment. In this cause there are a number of issues, one of which is the validity of the guidelines, "Aircraft - Commercial" promulgated by the comptroller of the state of Florida and approved by the state budget commission. It is agreed by counsel for the respective parties that if the guidelines are valid the remaining issues are moot and it is unnecessary to resolve them. This is true because it is admitted in the record that the airline has filed and paid the 1967 taxes on the basis of an amended return which is consistent with the guidelines. Counsel for both sides agreed before the court that the issue as to the validity of the guidelines is ripe for determination in a summary judgment proceeding.

The court has considered the pleadings, the affidavits submitted by all parties, the admissions by all parties and the answers to interrogatories and concludes that there is no genuine issue as to any material fact with respect to the validity of the guidelines and that the plaintiff is entitled to a judgment as a matter of law.

The statutes (§192.31, Florida Statutes, and §200.03, Florida Statutes) make it abundantly clear that supervisory jurisdiction in the area of tangible personal property taxes is vested in the comptroller of the state of Florida. The Supreme Court has also made this clear. See Burns v. Butscher, Fla., 187 So.2d 594. §192.31, Florida Statutes, is the critical statute. Under it the guidelines, promulgated by the comptroller of the state of Florida and approved by the state budget commission, are presumptively valid and the burden is cast upon a county tax assessor to overcome the presumption by a preponderance of the evidence.

The court has carefully reviewed the record in this cause including the affidavits and exhibits submitted by the defendants (other than the comptroller) and concludes that the defendants have failed to overcome the presumption.

Accordingly, the court finds that the guidelines, "Aircraft - Commercial" promulgated by the comptroller of the state of Florida and approved by the state budget commission are lawful and valid.

Having reached this conclusion it follows that the 1967 tax assessment of Dade County against the plaintiff is void, nugatory and illegal and of no force and effect; it being recognized by the court that the plaintiff has already filed an amended return and paid the taxes for 1967 in accordance with the guidelines.

It is accordingly ordered, adjudged and decreed that the county taxing officials are hereby enjoined and restrained from enforcing in any manner whatsoever the Dade County 1967 tangible personal property tax assessment which has been the subject of this litigation.